CITATION
THE STATE OF TEXAS

CAUSE NO. 21-2083

STYLED: RODRIGO GOMEZ VS. BARAHONA TRANSPORTATION, LLC AND EMMANUEL PEREZ

TO: **BARAHONA TRANSPORTATION, LLC, BY SERVING ITS REGISTERED AGENT, OMAR BARAHONA AT 416 SEABOARD STREET, STALLINGS, NC 28104**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION**, which was filed by the **PLAINTIFF**, in the above styled and numbered cause on the **30TH DAY OF AUGUST, 2021**, in the 453rd District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 1st day of September, 2021.

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 S. Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

REQUESTED BY:
Kurt B. Arnold
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston TX 77007
713-222-3800

By: Mallory Rogers
Mallory Rogers, Deputy

## OFFICER'S RETURN

Came to hand on the __ day of ________ 20___ at _____ o'clock ___M and executed the ____ day of _______20___ by delivering to defendant ______________________________ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of ____________ 20___ at ________ o'clock ___M at ________________________ in __________________ County, Texas.

[ ] Not executed. The diligence used in finding defendant being______________________________

[ ] Information received as to the whereabouts of defendant being______________________________

Service Fee:$________________

Sworn to and subscribed before me this the _____day of_______________________, ______.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:________________________________________

________________________________________
Printed Name of Server

________________________________________
NOTARY PUBLIC, THE STATE OF TEXAS

____________________County, Texas

ORIGINAL FOR RETURN

CITATION
THE STATE OF TEXAS

CAUSE NO. 21-2083

STYLED: RODRIGO GOMEZ VS. BARAHONA TRANSPORTATION, LLC AND EMMANUEL PEREZ

TO: **BARAHONA TRANSPORTATION, LLC, BY SERVING ITS REGISTERED AGENT, OMAR BARAHONA AT 416 SEABOARD STREET, STALLINGS, NC 28104**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION**, which was filed by the **PLAINTIFF**, in the above styled and numbered cause on the **30TH DAY OF AUGUST, 2021**, in the 453rd District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 1st day of September, 2021.

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 S. Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

REQUESTED BY:
Kurt B. Arnold
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston TX 77007
713-222-3800

By: Mallory Rogers
Mallory Rogers, Deputy

**OFFICER'S RETURN**

Came to hand on the __ day of ________ 20___ at _____ o'clock ___M and executed the ___ day of ______20___ by delivering to defendant ______________________________ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of ___________ 20___ at _______ o'clock ___M at ______________________ in __________________ County, Texas.

[ ] Not executed. The diligence used in finding defendant being______________________________

[ ] Information received as to the whereabouts of defendant being______________________________

Service Fee:$______________

Sworn to and subscribed before me this the _____day of______________________.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:______________________________

______________________________
Printed Name of Server

______________________________
NOTARY PUBLIC, THE STATE OF TEXAS

______________________County, Texas

DEFENDANT'S COPY

FILED
8/30/2021 11:12 AM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 21-2083

| | | |
|---|---|---|
| RODRIGO GOMEZ,<br><br>*Plaintiff,*<br><br>v.<br><br>BARAHONA TRANSPORTATION, LLC and EMMANUEL PEREZ<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br>HAYS COUNTY, TEXAS<br><br><br><br>_______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RODRIGO GOMEZ (hereinafter "Plaintiff"), complaining of BARAHONA TRANSPORTATION, LLC and EMMANUEL PEREZ (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

## I. Discovery Level

1. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## II. Jurisdiction and Venue

2. The claims asserted arise under the common laws of Texas. This Court has jurisdiction and venue is proper because the Defendants do a substantial amount of business within the forum state and the accident giving rise to this lawsuit occurred in this County. TEX. CIV. PRAC. & REM. CODE § 15.002.

## III. Parties

3. Plaintiff is a resident of Texas.

4. Defendant Barahona Transportation, LLC (hereinafter "Defendant" or "Defendant Barahona Transportation") is a foreign limited liability company with a principal place of business in Union County, North Carolina. This Defendant may be served with process through its registered agent, Omar Barahona at 416 Seaboard Street, Stallings, NC 28104.

5. Defendant Emmanuel Perez (hereinafter "Defendant" or "Defendant Perez") is a natural person and resident of California. This Defendant may be served with process at his personal residence at 13853 Green Vista Drive, Fontana, California 92337, or wherever he may be found.

## IV. Facts

6. On or about February 1, 2021, Plaintiff suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiff was driving North on I-35 in San Marcos, Texas when he was suddenly and unexpectedly struck by Defendant Perez. At the time of the accident, Defendant Perez failed to keep a proper look out and failed to perform a proper lane change. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff has injured his neck, back, spine and other parts of his body.

7. At all relevant times, Defendant Perez was acting in the course and scope of his employment with Defendant Barahona Transportation, and acting in furtherance of a mission for Defendant Barahona Transportation's benefit and subject to its control. Additionally, Defendant Perez was driving a vehicle owned and maintained by Defendant Barahona Transportation, and was operating the vehicle under Defendant Barahona Transportation's commercial operating authority.

## V. Causes of Action

### *A. Negligence and Gross Negligence (Against All Defendants)*

8. Plaintiff repeats and realleges each allegation contained above.

9. Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to maintain a safe speed;
- Failed to yield to right of way;
- Failed to execute a proper lane change;
- Failed to maintain a safe distance;
- Failed to pay attention to the road ahead;
- Failed to operate the vehicle safely;
- Failed to exercise caution;
- Failed to properly supervise its employees;
- Failed to properly train its employees;
- Failed to prudently supervise the job;
- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and
- Other acts deemed negligent and grossly negligent.

10. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

11. Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

***B. Negligence Per Se (Against All Defendants)***

12. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 544.010, 544.0044, 545.104, and 545.401.

13. Plaintiff is a member of the class that aforementioned sections of the Texas Transportation Code were designed to protect.

14. Defendants' unexcused breach of the duties imposed by the aforementioned sections of the Texas Transportation Code proximately caused Plaintiff's injuries described herein.

## PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST DEFENDANT BARAHONA TRANSPORTATION

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Perez was within the course and scope of employment for Defendant Barahona Transportation.

16. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Perez was engaged in the furtherance of Defendant Barahona Transportation's business.

17. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Perez was engaged in accomplishing a task for which Defendant Barahona Transportation was employed.

18. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant Barahona Transportation.

## AGENCY

19. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Barahona Transportation, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Barahona Transportation.

20. Therefore Defendant Barahona Transportation is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

### *C. Negligent Hiring Against Defendant Barahona Transportation*

21. Plaintiff repeats and realleges each allegation contained above.

22. Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Perez as a potential employee.
- Failure to properly follow up on information not provided by Defendant Perez in the interview process.
- Failure to conduct a proper employment and background check.
- Failure to comply with applicable Federal Motor Carrier Safety Regulations;
- Failure to sufficiently investigate Defendant Perez's training, prior employment, criminal record, and past.
- Failure to perform the required screening, testing, and physical of Defendant Perez.
- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

*D.* ***Negligent Training Against Defendant Barahona Transportation***

23. Plaintiff repeats and realleges each allegation contained above.

24. Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Perez.
- Failure to provide the necessary training to Defendant Perez regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.
- Failure to properly train its drivers regarding all aspects of driver safety.
- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;
- Failure to train its employees, including Defendant Perez, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.
- Failure to provide and/or require regular follow-up driver education and training.
- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

*E.* ***Negligent Supervision, Retention, and Monitoring Against Defendant Barahona Transportation***

25. Plaintiff repeats and realleges each allegation contained above.

26. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Perez to make sure that he was complying with policies and procedures.
- Failure to interview and test Defendant Perez to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.
- Failure to implement proper policies and procedures for its employees, including Defendant Perez, regarding driver safety and vehicle safety.
- Failure to document and make a determination regarding fault in the accident made the basis of this suit.
- Failure to supervise Defendant Perez to insure that he was keeping the vehicle properly maintained.
- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

F. ***Negligent Entrustment Against Defendant Barahona Transportation***

27. Plaintiff repeats and realleges each allegation contained above.

28. Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Perez who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

G. ***Ratification Against Defendant Barahona Transportation***

28. Plaintiff repeats and realleges each allegation contained above.

29. Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Perez after he committed the underlying tortious acts;
- Knew of Defendant Perez's tortious acts;
- Recognized that Defendant Perez will likely continue to be negligent if he is retained;
- Recognized that Defendant Perez will likely continue to be grossly negligent if he is retained;
- Failed to take adequate measures to prevent Defendant Perez from committing future tortious acts; and
- Otherwise adopted, confirmed, or failed to repudiate Defendant Perez's negligent and grossly negligent conduct after Defendant Barahona Transportation gained knowledge of the conduct.

30. As a result of Defendant Perez's negligent and grossly negligent conduct, which Defendant Barahona Transportation ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## VI. Damages

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000.00. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;
- Actual damages;

- Consequential damages;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

**VIII. Jury Trial Demanded**

32. Plaintiff hereby demands a trial by jury.

**VII. Prayer**

Plaintiff pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

______________________________

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Claire Traver
SBN: 24115871
ctraver@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditkin.com
e-service@arnolditkin.com
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marisa Mata on behalf of Claire Traver
Bar No. 24115871
mmata@arnolditkin.com
Envelope ID: 56808945
Status as of 8/31/2021 10:16 AM CST

Associated Case Party: RODRIGO GOMEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marisa Mata | | mmata@arnolditkin.com | 8/31/2021 9:48:56 AM | SENT |
| Claire Traver | | ctraver@arnolditkin.com | 8/31/2021 9:48:56 AM | SENT |
| Claire Traver | | e-service@arnolditkin.com | 8/31/2021 9:48:56 AM | SENT |